

# The Attorney General of Texas

September 13, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Lauro Cavazos
President
Texas Tech University
  Health Sciences Center
Texas Tech University
Lubbock, Texas   79430

Opinion No. MW-514

Re: Authority of Texas Tech
University Health Sciences
Center to build a structure on
property deeded to it by the
city of Odessa and Ector
County subject to an easement,
exceptions, reservations and
right of reversion

Dear Mr. Cavazos:

The following is a response to your request for a legal opinion
from this office. In your request you indicated that the city of
Odessa and Ector County conveyed approximately 6.2 acres of land
located in the city of Odessa to Texas Tech University Health Sciences
Center (hereinafter TTUHSC) for the purpose of constructing and
maintaining medical school facilities. The facilities would provide
teaching, research, administrative and other medical and health care
related activities for the community.

The land was conveyed to TTUHSC by a general warranty deed
subject to the following easement, exceptions, reservations,
covenants, and rights of reversion:

    1. Grantor shall retain an easement to use the
property described herein for parking and like
uses until the time of construction of the medical
school facilities which time -of construction shall
be evidenced by written notice furnished to
Grantor by Grantee stating that it has approval of
all of the necessary construction funds and is
ready to commence construction.

    2. Grantee shall furnish Grantor with written
notice of the approval of the funds necessary for
construction of the medical school facilities. In
the event that such funding is not approved and
notice furnished as provided herein within fifteen
(15) years of the date this deed is signed, then

title to the lands described herein shall revert to the Grantor when Grantor furnishes to Grantee notice of such condition and files a copy of such notice of reversion in the deed records of the County Clerk of Ector County.

3. Grantee shall furnish Grantor with written notice of the time to commence construction of the medical school facilities. In the event that such construction does not commence within thirty-six (36) months of the date the total funds are approved, then title to the lands described herein shall revert to the Grantor when Grantor furnishes to Grantee notice of such condition and files a copy of such notice and reversion in the deed records of the County Clerk of Ector County.

4. Subject to the above expressed conditions and rights of reversion, it is expressly agreed that this conveyance shall be absolute and continue in full force and effect so long as such lands are used for the purposes of construction and use for medical school purposes and facilities, or for teaching, research, administrative or other related medical and health care activities of Texas Tech University Health Sciences Center. However, should Grantee cease construction or use of such land for such aforesaid purposes or activities for a period of time of more than eighteen (18) successive months and after written notice by the Grantor to Grantee of Grantee's violation of the foregoing conditions, then title to the herein conveyed lands shall revert back to the Grantor herein when Grantor files a copy of such notice and reversion in the deed records of the County Clerk of Ector County.

5. All notices to Grantee shall be deemed delivered by depositing such notices with the U.S. Mail addressed to the Chairman of the Board of Regents, Texas Tech University Health Sciences Center, Texas Tech University Campus, Lubbock, Texas. All notices to Grantor shall be deemed delivered by depositing such notice with the U.S. Mail addressed to the County Judge, Ector County Courthouse, Odessa, Texas.

You have asked this office whether TTUHSC may lawfully construct medical school facilities on the land subject to the foregoing easement, exceptions, reservations, covenants, and rights of reversion.  It is our opinion that TTUHSC may lawfully construct such facilities on said land.

TTUHSC has general authority to construct medical school facilities under the following two provisions:

> 1.  The board [Texas Tech University Board of Regents] shall make provision for adequate physical facilities for the Health Sciences Center, including library, auditorium, and animal facilities, for use by the Health Sciences Center in its teaching and research programs.

Educ. Code §110.07.

> 2.  The board has the sole and exclusive management and control of lands set aside and appropriated to or acquired by the institutions under its governance.  The board may lease and otherwise manage, control, and use the lands in any manner and at prices and under terms and conditions the board deems best for the interest of the institutions....

Educ. Code §110.11.

The foregoing authority is limited, of course, by the state constitutional prohibitions against gratuitously granting public money or things of value to others.  Three prior opinions of this office discuss the constitutional limitations in cases somewhat similar to the one before us.  The question in Attorney General Opinion H-257 (1974) was whether the Parks and Wildlife Department could spend state funds, matched by federal funds, to construct facilities on land owned in whole or in part by the federal government without violating article III, section 51 of the Texas Constitution, which states:

> The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever....

Our opinion concluded that the proposed expenditure would not violate the foregoing constitutional prohibition against gratuitously granting public money because the expenditure had a valid public purpose and an adequate public benefit.

In Attorney General Opinion H-403 (1974) the question was whether a state agency could construct a building on land that it did not own but merely leased. When the lease terminated, the building would become the property of the landowner. We concluded that:

> [i]n our opinion if an expenditure for the erection, repair or maintenance of an improvement on leased property is for a proper public purpose and if the consideration or benefit to the public is adequate, the transaction is not rendered invalid by the possibility that the private party will realize an unexpected incidental benefit. (Emphasis in original).

The third, Attorney General Opinion H-655 (1975), was written in response to a question regarding the authority of Texas A & M University System to construct a building on land that was subject to a possibility of reverter. We concluded that it was, based on the public purpose and public benefit test announced in the foregoing opinions. The opinion concluded by saying:

> Since the public purpose and benefit are evident in the instant case, and since there is less possibility of divestiture in this case than in those involved in our prior opinions, we believe the proposed expenditures would be clearly constitutional.

With this background, we turn now to your question. We note first that only one of the five restrictions in the deed to TTUHSC raise the constitutional question discussed in the foregoing three prior opinions of this office. The first paragraph merely reserves an easement for parking until construction of the medical facilities begins. Paragraph 5 deals with notice. Paragraphs 2, 3, and 4 all contain reversionary clauses but only number 4 raises a constitutional question regarding the possible reversion of the medical facilities to be constructed by TTUHSC. Reversion under paragraphs 2 and 3 would occur, if at all, prior to the construction of the medical facilities before any public funds were expended.

Under paragraph 4 it is possible that the medical facilities to be built by TTUHSC could revert to the Grantors. There are two conditions under which a reversion could take place. The first is if the construction of the medical facilities ceased for a period of time in excess of eighteen successive months. The second condition is if the lands ceased to be used for the location of medical school facilities, or the facilities ceased to be used for teaching, research, administration, or other related medical and health care activities by TTUHSC, and such condition continued for a period of time in excess of eighteen successive months.

Both of the foregoing conditions that would create the basis for a reversion are within the ability of TTUHSC to avoid. By seeing that the conditions do not occur, TTUHSC can retain title to the land and the medical facilities indefinitely, thereby forestalling any constitutional question regarding the gratuitous grant of public moneys.

In any event, it is our opinion that TTUHSC has statutory authority to build a medical facility on the land deeded to it by the city of Odessa and Ector County and that expenditures for this purpose will be for a proper public purpose and will result in an adequate public benefit to TTUHSC. See Educ. Code §110.09.

## S U M M A R Y

On the facts provided, Texas Tech University Health Sciences Center may construct medical facilities on land deeded to it by the city of Odessa and Ector County but subject to certain easements, exceptions, reservations, covenants, and rights of reversion without violating article III, section 51 of the Texas Constitution.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Ralph Aldave
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Ralph Aldave
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger